UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
SELWYN ICANGELO,

      Plaintiff,

  -against-

OFFICER JHON DOE, Badge #1222,
Command (RFtF),

      Defendant.
----------------------------------------------------X

ORDER
13-CV-01638(SJF)(ARL)

FEUERSTEIN, District Judge:

  Presently pending before the Court is the pro se complaint brought by incarcerated plaintiff Selwyn Icangelo ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against an unnamed individual alleged to be a New York City police officer working at the 101st precinct's "RFtF" command and assigned badge number 1222 ("defendant"). Accompanying the complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court has determined that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the action is sua sponte stayed pending resolution of the underlying criminal case.

## BACKGROUND

  Plaintiff's brief handwritten complaint submitted on the Court's Section 1983 complaint form purports to allege claims for false arrest, false imprisonment and malicious prosecution. Compl. at ¶ IV.A. Plaintiff alleges that, on June 8, 2012, he was arrested by defendant without a search warrant and during the arrest the defendant recovered a 357 magnum firearm. Although

plaintiff claims that he "was found not guilty after eight months of jail time," Compl. at ¶ IV, the Court's review of the state court's docket shows that the grand jury returned a true bill on June 14, 2012 and plaintiff was remanded. See http://iapps.courts.state.ny.us. The docket also reflects that plaintiff pled not guilty to reckless endangerment in the first degree, N.Y. PENAL LAW § 120.25 and to criminal possession of a loaded firearm in the second degree, N.Y. PENAL LAW § 265.03, at his June 19, 2012 arraignment and that plaintiff has not yet been tried on these charges. See http://iapps.courts.state.ny.us (last visited on April 2, 2012)). Plaintiff seeks "[t]o sue the officer Jhon Doe Badge Number (1222) command (RftF) of the N.Y.C.P.D. pct 101 for [$]50,000,000." (Compl. at ¶V).

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court has determined that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

A district court must dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197,

2

200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501–02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United

3

States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, plaintiff alleges that he was falsely arrested and maliciously prosecuted by the defendant. The elements of a false arrest claim "under Section 1983 are 'substantially the same' as the elements under New York law." Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) (quoting Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)); LaFrance v. Bemben, No. 10-CV-4583(SLT)(MDG), 2013 WL 132702, at *4 (E.D.N.Y. Jan. 10, 2013). In order to make out a New York common law or Section 1983 claim for false arrest, a "plaintiff must demonstrate that defendant intended to confine him, he was conscious of the confinement, he did not consent to the confinement, and the confinement was not otherwise privileged." See Shain v. Ellison, 273 F.3d 56, 67 (2d Cir. 2001) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)). An arrest is privileged as a matter of law if the individual claiming false arrest is convicted of the crime for which he or she was arrested. See Trombley v. O'Neill, No. 8:11-CV-0569(GTS/CFH), 2013 WL 869514, at *15 (N.D.N.Y. Mar. 7, 2013) (citing Cruz v. Reiner, No. 11–CV–2131, 2011 WL 6204101, at *2 (E.D.N.Y. Dec. 12, 2011) (pro se plaintiff's false imprisonment claim dismissed where he was convicted of the crime for which he was arrested) (citing Wilkinson v. Dotson, 544 U.S. 74, 81–82, 125 S. Ct. 1242 (2005); Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (additional citation omitted).

Here, plaintiff does not allege that he has been convicted of the crime for which he was

4

arrested and the Court's review of the state court's docket shows that plaintiff has not yet been tried on the charges arising from the arrest plaintiff challenges here. See http://iapps.courts.state.ny.us (last visited on April 2, 2013). Accordingly, given plaintiff's pre-trial status on the underlying criminal case, his false arrest and malicious prosecution claims are premature. Birdsall v. City of Hartford, 249 F. Supp.2d 163, 171 (D. Conn. 2003) ("It is well settled in the Second Circuit that in order to prevail on a cause of action for false arrest or malicious prosecution, a plaintiff must prove that the underlying criminal proceeding terminated in his favor.")(citing Roesch v. Otarola, 980 F.2d 850, 852 (2d Cir. 1992)). Accordingly, the instant action is stayed pending the resolution of the underlying criminal case. Wallace v. Kato, 549 U.S. 384, 393, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended.") (citation omitted).

The Clerk of the Court is directed to administratively close this case, **and plaintiff is granted leave to request in writing that this case be re-opened within two (2) weeks from the conclusion of the underlying criminal case if so warranted at that time.**

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte stayed pending resolution of the underlying criminal case. The Clerk of the Court is directed to administratively close this case, **and plaintiff is granted leave to request in writing that this case be re-opened within two (2) weeks from**

5

**the conclusion of the underlying criminal case if so warranted at that time.** No summons shall issue at this time. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: April 2, 2013
Central Islip, New York

/s/ Sandra J. Feuerstein
United States District Judge