FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUL 1 1 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SELWYN ICANGELO,

                Plaintiff,

-against-                      **OPINION AND ORDER**
                                           **13-CV-1638 (SJF)**

JOHN KELLY, Shield No. 1199, and JOHN DOE,
Shield No. 1222, both Detectives,

                Defendants.
-----------------------------------------------------------X
FEUERSTEIN, District Judge:

      Before the Court is defendant John Kelly's ("defendant") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c). For the following reasons, defendant's motion is **GRANTED**.

**I.    Background**

      Plaintiff Selwyn Icangelo ("plaintiff") brings this action pursuant to 42 U.S.C. § 1983 alleging malicious prosecution and false arrest. Defendant John Kelly is a detective with the New York City Police Department. Amend. Compl. ¶ 1(A); Mem. in Supp. p. 1.

      On June 8, 2012 at approximately 5:45 a.m., defendant arrived at 125 Beach 17th Street, Apartment 9(a), Queens, New York and arrested plaintiff for criminal possession of a weapon and firearm. Amend. Compl. ¶ 4. Plaintiff was transported to the 101st precinct and charged with, *inter alia*, violation of New York Penal Law § 265.03 for criminal possession of a firearm in the second degree. *Id.* at ¶ 4(A). On April 29, 2013, plaintiff pleaded guilty to attempted criminal possession of a weapon in the second degree, in full satisfaction of all charges, before the Honorable James C. Hudson in the Supreme Court of the State of New York, Suffolk County. DE 73-2; DE 75 ¶ 3.

## II. Discussion

### A. Legal Standard for FRCP 12(c) Motions

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). " 'In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.' " *Byrd v. City of New York*, No. 04 Civ. 1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999)). However, it is "well settled that conclusory allegations merely stating general legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true." *ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.*, No. 02 Civ. 1103, 2005 WL 1843253, at *3 (N.D.N.Y. July 29, 2005). On FRCP 12(b)(6) motions, the court must assess the legal feasibility of the complaint and whether a plaintiff pleaded claims for which he or she is entitled to discovery. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000); *Chance*, 143 F.3d at 701. The Supreme Court has held that a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court held that courts should entertain a motion to dismiss by following a two-pronged approach:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief.

The Federal Rules of Civil Procedure require a "short plain statement of the claim showing that the pleader is entitled to relief." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8(a)(2) requires that a pleading set forth facts that the pleader is entitled to relief and provide a defendant with fair notice. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## B. Plaintiff's Claims

### *Malicious Prosecution*

Title 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"It is well established that the tort of malicious prosecution is sufficient to make out a constitutional deprivation under § 1983, *White v. Frank*, 855 F.2d 956, 961 n.5 (2d Cir. 1988), and that 'the same four elements must be proved for both the tort of malicious prosecution and the § 1983 claim.' " *Cox v. Cnty. of Suffolk*, 827 F. Supp. 935, 938 (E.D.N.Y. 1993) (quoting *Raysor v. Port Auth. of New York and New Jersey*, 768 F.2d 34, 39 (2d Cir. 1985)). The elements of an action for malicious prosecution are "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983).

In *Heck v. Humphrey*, the Supreme Court held that a § 1983 plaintiff seeking to recover damages for an allegedly unconstitutional conviction, imprisonment or other unlawful conduct must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994).

As to element one (1), a proceeding was initiated against plaintiff on June 8, 2012 when he was arrested and arraigned. As to element two (2), plaintiff has not demonstrated a favorable termination of the proceeding. Rather, the certificate of disposition in plaintiff's state court criminal case shows that on April 29, 2013, he pleaded guilty to attempted criminal possession of a weapon in the second degree, for which he was sentenced to three (3) years incarceration to be followed by five (5) years of post-release supervision. DE 76-1. Plaintiff does not contend that his conviction by plea has been reversed on direct appeal, declared invalid, expunged or questioned by a federal writ of habeas corpus. Accordingly, plaintiff has not stated a malicious prosecution claim and defendant Kelly's motion for judgment on the pleadings is granted as to this claim.

*False Arrest*

Under New York law, the elements of a false imprisonment claim are: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Unlike a malicious

prosecution claim, a "favorable termination of the proceedings is not an element of this tort." *Id.* However, where an arresting officer has probable cause, a federal civil rights claim for false arrest must be dismissed. *Id. See Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1985) (holding that the existence of probable cause is a complete defense to an action for false arrest) (citing *Zanghi v. Inc. Vill. of Old Brookville*, 752 F.2d 42, 45 (2d Cir. 1985)). Thus, where a person "is validly convicted of the crime for which he was arrested, he would be barred from bringing a claim for false arrest because one element of such a claim is the absence of probable cause." *Vallen v. Connelly*, 36 Fed. App'x 29, 31 (2d Cir. 2002).

As discussed above, plaintiff pleaded guilty to the crime for which he was arrested, i.e., attempted possession of a weapon, second degree, pursuant to New York's Penal Law 265.03. Based on his conviction by plea (DE 76-1), plaintiff is barred from claiming false arrest and defendant's motion for judgment on the pleadings as to this claim is granted.

## III. Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed as to defendant John Kelly.

With respect to named defendant John Doe, badge number 1222 ("Doe"), the docket indicates that although the United States Marshals Service attempted to serve defendant Doe, service was not completed because he could not be located at the precinct where service was attempted and the precinct declined to accept process without a name or tax identification number. DE 24. Additionally, the amended complaint contains one specific reference to Doe, i.e., "plaintiff was secondly transported to central booking of Queens, New York, [at] approximately 9:00 a.m. by Detective John Doe, Shield no. 1222." Thus, the amended complaint

does not contain plausible facts to support a claim against Doe as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the complaint is dismissed in its entirety and the Clerk of the Court shall close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438 (1962).

**SO ORDERED.**

Dated: July 11, 2014
      Central Islip, New York

                                          s/ Sandra J. Feuerstein
                                          Sandra J. Feuerstein, U.S.D.J.